**IN THE COURT OF APPEALS OF IOWA**

No. 16-1216
Filed September 14, 2016

**IN THE INTEREST OF M.L.H.,
Minor child,**

**M.H., Father,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.


　　　　Father appeals from the order terminating his parental rights. **AFFIRMED.**


　　　　Felicia Bertin Rocha of Bertin Rocha Law Firm, Urbandale, for appellant father.

　　　　Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

　　　　Karl Wolle of Polk County Juvenile Public Defender, Des Moines, guardian ad litem for minor child.


　　　　Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

The father appeals from an order terminating his parental rights in his daughter. We conclude the father has not preserved error with respect to any issue raised in this appeal. "[T]he general rule that appellate arguments must first be raised in the trial court applies to . . . termination of parental rights cases." *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The father was served with notice of the termination hearing, but he failed to appear at the hearing. The father's attorney was present at the hearing, confirmed the father had actual notice of the hearing, and told the juvenile court the father was unable to attend. The father's attorney did not request a continuance, and the hearing proceeded as scheduled. The father's attorney did not introduce any evidence on behalf of the father and did not make any argument against termination. Instead, the father's attorney stated the father had essentially "given up." Under similar circumstances, we have concluded error was not preserved:

> Despite receiving notice of the termination proceedings, the father did not appear at the hearing. The father did not object to the evidence presented, offer evidence, or raise any issue before the district court. As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal. Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal. Because the father did not present any evidence or lodge any objection alerting the juvenile court to his complaints, he has not preserved error for our review.

*In re D.W.*, No. 14-0545, 2014 WL 2600358, at *1 (Iowa Ct. App. June 11, 2014);

*In re C.T.*, No. 14-0243, 2014 WL 1714958, at *1 (Iowa Ct. App. Apr. 30, 2014);

*In re P.S.*, No. 11-0516, 2011 WL 2714169, at *1 (Iowa Ct. App. July 13, 2011).

Although our prior cases have framed the issue as one of error preservation, it

may be more accurate to deem the father's failure to contest termination in the juvenile court as waiver. Regardless, the father did not contest the termination of his parental rights in the juvenile court on any ground, and we conclude he cannot do so now.

Even if error had been preserved or waiver had not occurred, the father's arguments are unavailing. We review de novo proceedings terminating parental rights. *See In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The father's arguments simply miss the mark and need not be directly addressed. For example, the juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2015). On appeal, the father contends the State failed to prove the grounds for termination under section 232.116(1)(d), which was not pleaded and is irrelevant to this appeal. We are satisfied the State proved by clear and convincing evidence the ground authorizing termination of the father's parental rights and the termination of his parental rights is in the child's best interest. The juvenile court issued a thorough and well-reasoned order terminating the father's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own. The father has been absent for almost all of the child's life. The child need not wait any longer for the father to become a responsible parent. *See In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990) ("Children simply cannot wait for responsible parenting. Parenting . . . must be constant, responsible, and reliable.").

The judgment of the district court is affirmed.

**AFFIRMED.**